## IN THE

# SUPREME COURT

### OF

# OREGON.

---

Argued March 19, affirmed April 1, 1919.

## MEYER v. EICHLER.

(179 Pac. 659.)

**Partition—Referee—Competency.**

1. A defendant in partition suit, alleged to have no right, title, interest, claim or lien to property, or any part thereof, and who made default, was without interest, and his appointment as referee to make partition *held* not erroneous.

**Partition—Referees' Oath—Notice of Meeting.**

2. Objection urged for the first time on appeal that referees appointed to make partition were not sworn, and that parties were not notified of their meeting, may be dismissed on the ground that the Code does not require any oath or notice of meeting; there being no oath required even under the general provisions of Section 160, L. O. L., et seq.

**Appeal and Error—Objections not Urged Below—Consideration.**

3. The court on appeal cannot consider objections to majority report of referees, appointed to make partition, not urged before the Circuit Court.

**Partition—Unfair Division—Showing—Sufficiency.**

4. Majority report of referees *held* not subject to objection that it did not provide for a fair division of the premises sought to be partitioned.

**Partition — Decision of Referees—Setting Aside—Displeasure of a Party.**

5. Decision of majority of referees appointed to make partition must stand as against the mere displeasure of one of the parties.

**Partition—Modifying Report of Referees—Discretion.**

6. Circuit Court did not abuse its discretion in declining to adopt defendant's offer to exchange land allotted to him for that allotted to plaintiff and modifying report of referees accordingly, it being contended by defendant's counsel that such change should require plain-

92 Or.—1 (1)

tiff to assume two thirds of mortgage indebtedness upon whole tract, whereas she owes but one third of it.

[As to effect of judgment in partition, see note in 40 **Am. Dec.** 640.]

**Partition—Expenses of Suit—Apportionment.**

7.  Where costs of partition suit were apportioned in proportion to respective interests of plaintiff and defendant in accordance with Section 483, L. O. L., defendant has no cause to complain of apportionment.

From Benton: JAMES W. HAMILTON, Judge.

Department 1.

This is a suit in partition in which it is agreed that the plaintiff owned one third and the defendant two thirds of a certain tract of land. The contention before us is about the division made by the referees. Among other averments, it was stated:

"That the defendant Ed Davis claims to be a tenant and entitled to possession of a part of said premises; that said Ed Davis has no right, title, interest, claim or lien in or to the said property or any part thereof." 

Davis made default. It was suggested in the briefs and at the argument without contradiction that he had only part of the land rented for pasture and had abandoned it.

The court appointed three referees to make partition of the tract. One of them, however, became ill and Davis was appointed in his stead. Having considered the premises, Davis and one of his colleagues joined in a report which, roughly speaking, gave the plaintiff all the land east of the railroad, and the defendant, all west of the railroad. The third referee reported in favor of a different adjustment of the lines. The defendant attacked the majority report on the ground that it did not provide for a fair division of the premises, because he had no notice of the meeting of the referees and for the reason that, as he was advised

and believes, they were influenced by the personal presence, correspondence and persuasion of the plaintiff. He filed in support of his objections the affidavit of the minority referee, his own affidavit and those of two other individuals, giving their opinion that the place was not equitably divided, assigning in the main as reasons therefor that the running water, except a small spring already appropriated by the railroad company, was all on the premises given to the plaintiff and that the most of his land was hilly and intersected with canyons, while hers was level ground.   Opposed to this is the affidavit of the plaintiff denying that she had ever undertaken to influence the referees in any way, charging that the minority referee was a partisan in favor of the defendant and setting forth that all the improvements and cultivated land were on the part allotted to the defendant; that there were two springs on his tract, affording ample water supply for all purposes there, and that her lands were covered with brush and second-growth timber while his had a considerable tract of virgin forest.   The affidavit of a disinterested party engaged in real estate business owning land adjoining the tract in question and thoroughly familiar with the conditions there, described the land in considerable detail and gave his opinion that the division was fair.   The Circuit Court confirmed the majority report and the defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. C. T. Haas* and *Mr. Joseph Woerndle,* with an oral argument by *Mr. Haas.*

For respondent there was a brief over the name of *Messrs. McFadden & Clarke,* with an oral argument by *Mr. Arthur Clarke.*

BURNETT, J.—1. There are four assignments of error. Under the first, and in this court for the first time, the defendant challenges the regularity of Davis' appointment. There is no showing made but that he was competent in every respect. It had been averred that he had no interest in the land and he confessed this allegation by his default. Hence, it must be a fact that he was without interest in the matter. The remaining three assignments are to the effect that the Circuit Court erred in confirming the majority report because it is unjust and inequitable; that it was wrong, in not adopting the minority report and that further error was committed in assessing costs and disbursements against the defendant.

It was claimed *arguendo* that the first knowledge counsel for the defendant had of the appointment of Davis was when the plaintiff's additional abstract was served; but the very decree appealed from recites that Davis had been duly appointed as referee. The report to which objections were made was signed by him and the supplemental abstract filed by the plaintiff in this court shows that he was appointed. Moreover, no objection was made against the report on this ground in the Circuit Court.

2. It is urged for the first time here that the referees were not sworn and that the parties were not notified of their meeting. These objections may be dismissed on the ground that it is not required by the Code that the referees should take any oath or that notice of their meetings should be given. Even in the general provisions under Section 160 et seq., L. O. L., respecting trial by referees, there is no oath required of them.

It is not assigned as error that the plaintiff attempted to influence the referees. There is no show-

ing of what was done in that respect or that if done it had any effect on their decision. The very argument of the defendant that he had no notice implies the right of parties to be heard before the referees by legitimate discussion or representation. Furthermore, the plaintiff denies in her affidavit that she ever influenced them in any way.

3. We cannot give attention to any of the objections which were not urged before the Circuit Court. That tribunal is the court of original jurisdiction, while this court is only of appellate authority, with exceptions not important here. If a litigant would challenge the result of a decision in the Circuit Court he must show by the record that the judgment of that tribunal was first taken on the questions of which he now complains. The only exception to that rule is that for the first time it may be urged in this court that the complaint does not state facts sufficient to constitute a cause of action or suit or that the trial court had no jurisdiction of the cause.

4, 5. As to the inequality or injustice of the allotment of the referees, there is no showing of any corrupt or fraudulent decision. The utmost that can be said of the affidavits opposed to the report is that the affiants differ in opinion from the majority of the referees. The reasons for their views are very limited and do not, in our judgment, compare with the more comprehensive and unbiased statement given by the real estate dealer whose declaration has already been mentioned. The judgment of someone must prevail and the decision of the referees must stand as against the mere displeasure of one of the parties.

6. The defendant contends that if he had a choice between the two tracts at the same price he would prefer to take the one allotted to the plaintiff, and in his

objections before the Circuit Court he offered to exchange with her and to have the report modified accordingly. We cannot say that the court abused its discretion or authority in declining to adopt this suggestion. We are the less inclined to accept it because at the hearing before us the defendant's counsel contended that such a change should require the plaintiff to assume two thirds of the mortgage indebtedness upon the whole tract, whereas it is admitted that she owes but one third of it.

7. It is the rule declared by Section 483, L. O. L., that "the costs of partition, including fees of referees and other disbursements, shall be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the decree." The expenses of the suit were thus apportioned and the defendant has no cause to complain on that score. The decree of the Circuit Court is affirmed.   AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.